IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ALICIA BIELA<br>    *Plaintiff*,<br><br>V.<br><br>CLEAR BLUE INSURANCE<br>COMPANY,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§ |

### DEFENDANT CLEAR BLUE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Clear Blue Insurance Company ("Clear Blue" or "Defendant") files this Notice of Removal to the United States District Court for the Southern District of Texas, Galveston Division, on the basis of diversity of citizenship and the amount in controversy, and respectfully shows the following:

### I.   PROCEDURAL BACKGROUND

1. On May 17, 2019, Plaintiff Alicia Biela ("Biela" or "Plaintiff") filed her Original Petition in a case styled *Alicia Biela v. Clear Blue Insurance Company,* Cause No. CV-0084011, pending in the County Court at Law No. 3 for Galveston County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to her property under an insurance policy issued by Clear Blue.

2. Defendant received a copy of Plaintiff's Original Petition on or about June 3, 2019.

3. Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. S*ee id.*

4. As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules for the United States District Court of the Southern District of Texas, attached hereto are copies of the following documents:

| | |
|---|---|
| Exhibit A: | Index of Matters Being Filed |
| Exhibit B: | Case Docket Sheet |
| Exhibit C: | Plaintiff's Original Petition |
| Exhibit D: | Citation and Affidavit of Service for Clear Blue Insurance Company |
| Exhibit E: | Status Conference |
| Exhibit F: | Case Information Statement |
| Exhibit G: | Demand for Jury Trial |
| Exhibit H: | Defendant's Original Answer to Plaintiff's Original Petition |
| Exhibit I: | List of Parties and Counsel |

5. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

## II. BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. Plaintiff and Defendant Are Diverse.

7. Plaintiff Alicia Biela is an individual residing in Galveston County, Texas.

8. Defendant Clear Blue Insurance Company is incorporated under the laws of the

state of Illinois with its principal place of business located in Chicago, Illinois. Clear Blue is therefore not a citizen of the State of Texas for diversity purposes.

9. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Clear Blue.

**B.   The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

10. This is a civil action in which the amount in controversy exceeds $75,000.00. Although Plaintiff's Original Petition states that she "seeks damages of monetary relief of no more than $75,000.00", it is clear that the actual amount in controversy greatly exceeds $75,000.00. *See* Plaintiff's Original Petition. Based on the causes of action alleged, the amount recoverable under the policy and its limits, and Plaintiff seeking actual and treble damages, in addition to attorney's fees, statutory interest, and court costs, Plaintiff's claim can easily exceed the $75,000 amount in controversy threshold. Moreover, Plaintiff has failed to properly limit her recovery through affidavit or binding stipulation as is required to do so. *Chapman v. Essex Ins. Co.*, No. 1:12-cv-520, 2013 WL 12137884 at 6*, (E.D. Tex. Apr. 4, 2013). As such, nothing is preventing Plaintiff from amending her Petition after the one-year removal deadline.

11. Plaintiff's Original Petition claims that Clear Blue is liable under a residential insurance policy because Plaintiff made a claim under a Clear Blue policy and Clear Blue wrongfully adjusted Plaintiff's claims. Plaintiff alleges that Clear Blue breached its contract, breached its duty of good faith and fair dealing, and violated the Texas Insurance Code Chapters 541 and 542, the Texas Administrative Code, and Deceptive Trade Practices Act. In addition, Plaintiff alleges that the actions were committed knowingly. *See* Plaintiff's Original Petition. Under Texas Insurance Code 541.152(b), if the trier of fact determines that Clear Blue

knowingly committed the insurance code violations Plaintiff alleges in her Original Petition, the trier of fact may award treble damages. Because Plaintiff alleges knowledge throughout her Petition and could potentially recover treble damages, in addition to actual damages, statutory interest and penalties, court costs, and attorney's fees, Plaintiff's damages can easily eclipse the $75,000.00 amount in controversy requirement. Accordingly, removal is proper.

### III. CONCLUSION

12. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Clear Blue Insurance Company removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Rhonda J. Thompson*
**Rhonda J. Thompson,** *Attorney-in-Charge*
State Bar No. 24029862
Southern District No. 17055
**Victoria L. Watson**
State Bar No. 24110514
Southern District No. 3421190

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-Mail: rthompson@thompsoncoe.com
E-Mail: vwatson@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
CLEAR BLUE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of July, 2019, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Omar Ochoa
OMAR OCHOA LAW FIRM
121 N. 10th St.
McAllen, Texas 78501
Telephone: 956-630-3266
Email: oochoa@omarochoalaw.com

/s/*Victoria L. Watson*
Rhonda J. Thompson
Victoria L. Watson