

**null / ALL**
**Transmittal Number: 19902534**
**Date Processed: 06/05/2019**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Osvaldo Ramirez |
| | Clear Blue Financial Holdings, LLC |
| | B7 Tabonuco Street |
| | Suite 912 |
| | Guaynabo, PR 00968 |
| | PR |

| | |
|---|---|
| **Entity:** | Clear Blue Insurance Company |
| | Entity ID Number  3186928 |
| **Entity Served:** | Clear Blue Insurance Company |
| **Title of Action:** | Alicia Biela vs. Clear Blue Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Galveston County Court at Law, TX |
| **Case/Reference No:** | CV-0084011 |
| **Jurisdiction Served:** | TX |
| **Date Served on CSC:** | 06/03/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Omar Ochoa |
| | 956-630-3266 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT**

**C**

DOCKET NO. CV-0084011

County Court at Law No. 3

Alicia Biela

vs.

Clear Blue Insurance Company

THE STATE OF TEXAS
COUNTY OF GALVESTON

TO:   Clear Blue Insurance Company - may be served by serving:

Agent - Corporation Service Company
211 E. 7th St. Ste. 620
Austin, TX  78701

GREETING:

You have been sued. You may employ an attorney. **If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you.** Said written answer may be filed by mailing same to: Galveston County Clerk's Office, 600 59th Street, Suite 2001, Galveston, Texas 77551-4180. The case is presently before Honorable Jack Ewing, County Court at Law No. 3 of Galveston County, at the Galveston County Justice Center in Galveston, Texas.

SAID PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WAS FILED ON MAY 17, 2019, under DOCKET NO. CV-0084011, with the style of the cause being: Alicia Biela vs.  Clear Blue Insurance Company.
The name and address of the plaintiff or the attorney of record is: Omar Ochoa, 121 N. 10th St., McAllen, TX 78501. A copy of Plaintiff's Original Petition and Request for Disclosure together with case information statement accompany this citation and are made a part hereof.

If this citation is not served, it shall be returned unserved.

ISSUED UNDER MY HAND AND SEAL OF OFFICE, at Galveston, Texas, on this, the 20th day of May, 2019.



Dwight D. Sullivan, Galveston County Clerk
County Court at Law No. 3
Galveston County, Texas

By  ___/s/  *Jeffrey Speer*___  Deputy
Jeffrey Speer

==================================================================
OFFICER'S OR AUTHORIZED PERSON'S RETURN
Came to hand on the _____ day of _____, 20__ at _____ o'clock ___.M., and executed in _____ County, Texas by delivering to each of the with named person a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the Plaintiff's Original Petition and Request for Disclosure, at the following times and places, to-wit:

| Name | Date | Time | Place |
|------|------|------|-------|
|      |      |      |       |
|      |      |      |       |

FEES - Serving                                     Name of Officer or Authorized Person

AMOUNT $_____     _____ County, Texas

By _____ Deputy

Authorized Person's Verification:
On this day personally appeared_____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me on this, the _____ day of _____, 20__.

_____     Notary's Name Printed: _____
Notary Public
In and For the State of Texas     Commission Expires: _____

County Court at Law No. 3 of Galveston County, Texas

**Case Information Statement**

May 20, 2019

The case information statement is for administrative purposes only. It shall be filed with the parties' original pleadings and shall be served upon all other parties to the action.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Style:

**Alicia Biela**

**vs.**

**Clear Blue Insurance Company**

Cause No. CV-0084011  Filed 05/17/19

# Status Conference Set For

# <u>08/29/19  @ 1:30 P.M.</u>

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| Attorney for Petitioner or Pro Se | Attorney for Respondent or Pro Se |
| State Bar Number | State Bar Number |
| Address | Address |
| Phone Number | Phone Number |
| Fax Number | Fax Number |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Briefly describe the case including any special characteristics that may warrant extended discovery or accelerated disposition. If complex or expedited track requested, explain why. Attach additional sheets if necessary.

Estimated time for Discovery _____        Estimated time for Trial _____

Level 1                    Level 2                    Level 3

Signature of Attorney or Pro Se Party: _____        Date _____

Only attorney(s) or Pro Se Party(ies) are to be present at Conference
You may submit a Docket Control Order in lieu of appearance at the status conference.

# Failure to appear at status conference may result in case being Dismissed for Want of Prosecution

**Please Fill Out and Return**

Filed
5/17/2019 4:25 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CAUSE NUMBER _____ CV-0084011

| | | |
|---|---|---|
| ALICIA BIELA | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. _____ |
| | § | |
| CLEAR BLUE INSURANCE | § | Galveston County - County Court at Law No. 3 |
| COMPANY | § | |
| Defendant. | § | GALVESTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ALICIA BIELA (hereinafter referred to as ("PLAINTIFF"), and files her Original Petition against DEFENDANT, CLEAR BLUE INSURANCE COMPANY, and would respectfully show the Court the following:

### I.        Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks damages of monetary relief of $100,000 or less. Specifically, PLAINTIFF seeks damages of monetary relief of no more than $75,000.00. PLANTIFF intends to conduct discovery pursuant to a Level 2 Discovery Control Plan.

### II.        Service of Process

CLEAR BLUE INSURANCE COMPANY may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service at: Corporation Service Company, 211 E. 7th St. Ste. 620, Austin, Texas 78701.

1

CLEAR BLUE INSURANCE COMPANY is in the business of providing insurance in the State of Texas. The insurance business done by CLEAR BLUE INSURANCE COMPANY in Texas includes, but is not limited to the following:

1.  The making and issuing of contracts of insurance with the PLAINTIFF;

2.  The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3.  The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4.  The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5.  The adjusting and inspection of PLAINTIFF'S insurance claims;

6.  Making insurance coverage decisions;

7.  Taking part in making insurance coverage decisions; and

8.  Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

### III.     Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

2

IV.     Facts

CLEAR BLUE INSURANCE COMPANY and/or its agents committed the actions alleged against PLAINTIFF in this petition. PLAINTIFF owns the property located at 3011 30th St. North, Texas City, Texas 77590 with Policy # AL01-061798-00; Claim# HMCCBS19010583. CLEAR BLUE INSURANCE COMPANY provided coverage to the PLAINTIFF for such building, personal property, and other matter. During the term of said policy, PLAINTIFF sustained covered losses in the form of a hail/windstorm event on or about October 31, 2018 in HIDALGO County, and water damages resulting therefrom, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to CLEAR BLUE INSURANCE COMPANY pursuant to the terms of the insurance policy.  As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas.  These are covered damages under PLAINTIFF'S insurance policy with CLEAR BLUE INSURANCE COMPANY.  PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of CLEAR BLUE INSURANCE COMPANY'S conduct.

V.     Conditions Precedent

All conditions precedent have been waived by the insurance company, have been performed by Plaintiff, or have otherwise been satisfied. Despite these facts, CLEAR BLUE INSURANCE COMPANY has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations. Moreover, Defendant's claims that Plaintiff did not comply with the contract are barred by waiver, based on Defendant's breach and noncompliance with the material terms of the insurance contract. Generally, when one party

3

to contract commits material breach, the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

## VI. Breach of Contract

PLAINTIFF purchased an insurance policy with CLEAR BLUE INSURANCE COMPANY. PLAINTIFF'S property was damaged by the hail/windstorm and water damage, all of which are covered under the insurance policy. CLEAR BLUE INSURANCE COMPANY has denied and/or delayed payment of PLAINTIFF'S covered claims. CLEAR BLUE INSURANCE COMPANY has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. CLEAR BLUE INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of CLEAR BLUE INSURANCE COMPANY was irresponsible and unconscionable. CLEAR BLUE INSURANCE COMPANY took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. CLEAR BLUE INSURANCE COMPANY has, by its conduct, breached its contract with the PLAINTIFF. The conduct of CLEAR BLUE INSURANCE COMPANY has proximately caused the injuries and damages to the PLAINTIFF.

## VII.   Second Cause of Action: DTPA Violations

PLAINTIFF is a "consumer" entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, CLEAR BLUE INSURANCE COMPANY has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

4

(a)     CLEAR BLUE INSURANCE COMPANY made false representations about
        PLAINTIFF'S rights, remedies, and obligations under the policies at issue. These
        statements were a misrepresentation of the insurance policies and their benefits in violation
        of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     CLEAR BLUE INSURANCE COMPANY'S actions constitute an unconscionable course
        of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas
        Business & Commerce Code;

(c)     CLEAR BLUE INSURANCE COMPANY failed to disclose information to PLAINTIFF
        concerning the nature and extent of their insurance policy, which was known by CLEAR
        BLUE INSURANCE COMPANY at the time for the purpose of inducing PLAINTIFF into
        transactions which her would not have otherwise entered in violation of section 17.46(b)(9)
        and (23), Texas Business and Commerce Code;

(d)     As described above, CLEAR BLUE INSURANCE COMPANY violated Chapter 541,
        Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas
        Business and Commerce Code.

        CLEAR BLUE INSURANCE COMPANY took advantage of PLAINTIFF'S lack of
knowledge in construction and insurance claims processes, misrepresented losses covered under
the insurance policy, and failed to disclose pertinent information regarding damages to the
PLAINTIFF'S property. CLEAR BLUE INSURANCE COMPANY conduct as described herein
was a producing cause of damages to PLAINTIFF for which PLAINTIFF sues. The conduct of the
CLEAR BLUE INSURANCE COMPANY was more than just a mistake, and was done
"knowingly" and/or "intentionally," as those terms are derived by statute. Because of that, CLEAR
BLUE INSURANCE COMPANY may be subject to liability for additional damages under the

5

Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII.   Unfair Insurance Practices

CLEAR BLUE INSURANCE COMPANY failed to inform PLAINTIFF of material facts, such as the true scope of damage and cost to repair. CLEAR BLUE INSURANCE COMPANY failed to properly process claims and have misrepresented material facts to the PLAINTIFF. CLEAR BLUE INSURANCE COMPANY has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, CLEAR BLUE INSURANCE COMPANY has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which CLEAR BLUE INSURANCE COMPANY is fully aware. CLEAR BLUE INSURANCE COMPANY has concealed damage known by it to exist. CLEAR BLUE INSURANCE COMPANY has known about covered windstorm and water damages, but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S plea for help. CLEAR BLUE INSURANCE COMPANY has failed to warn PLAINTIFF of consequential damage to their property.

By its conduct outlined above, CLEAR BLUE INSURANCE COMPANY committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. CLEAR BLUE INSURANCE COMPANY committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     CLEAR BLUE INSURANCE COMPANY failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable

6

clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)   CLEAR BLUE INSURANCE COMPANY failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)   CLEAR BLUE INSURANCE COMPANY refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)    CLEAR BLUE INSURANCE COMPANY breached its duty of good faith and fair dealing at common law;

(5)   CLEAR BLUE INSURANCE COMPANY failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)   CLEAR BLUE INSURANCE COMPANY compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)    CLEAR BLUE INSURANCE COMPANY violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)   CLEAR BLUE INSURANCE COMPANY committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)   CLEAR BLUE INSURANCE COMPANY made, issued or circulated or caused to

be made, issued or circulated an estimate, illustration, circular or statement

misrepresenting with respect to the policy issued or to be issued:

   (i)   the terms of the policy; and/or

   (ii)   the benefits or advantages promised by the policy.

(b)   CLEAR BLUE INSURANCE COMPANY made an untrue statement of material

fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c)   CLEAR BLUE INSURANCE COMPANY failed to state a material fact necessary

to make other statements made not misleading, considering the circumstances

under which statements were made; and

(d)   CLEAR BLUE INSURANCE COMPANY made statements in a manner that

would mislead a reasonably prudent person to a false conclusion of material fact.

(e)   CLEAR BLUE INSURANCE COMPANY refused to make a settlement offer

under applicable first-party coverage on the basis that other coverage may be

available or that third parties are responsible for the damages suffered, except as

may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28

TAC section 21.203(11);

CLEAR BLUE INSURANCE COMPANY'S conduct as described herein was a producing cause

of damages to PLAINTIFF, for which she now sues.

IX.   Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to CLEAR BLUE

INSURANCE COMPANY, liability to pay the claims in accordance with the terms of insurance

policies referenced above has been reasonably clear. Despite there being no basis whatsoever on

which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, CLEAR BLUE INSURANCE COMPANY refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, CLEAR BLUE INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. CLEAR BLUE INSURANCE COMPANY failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFF'S claims in good faith, an affirmative duty placed on CLEAR BLUE INSURANCE COMPANY, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, CLEAR BLUE INSURANCE COMPANY breached its duty to deal fairly and in good faith with the PLAINTIFF. CLEAR BLUE INSURANCE COMPANY'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF, for which she sues.

X.      Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to CLEAR BLUE INSURANCE COMPANY. CLEAR BLUE INSURANCE COMPANY has engaged in unfair settlement claims practices, as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. CLEAR BLUE INSURANCE COMPANY'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. CLEAR BLUE INSURANCE COMPANY'S investigation and use of adjusters' reports was an "outcome-oriented" investigation. CLEAR BLUE INSURANCE COMPANY failed to comply with the requirements of Chapter 542 listed herein:

9

(a)     Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items,
        statements, and forms required by the insurer to secure final proof of loss, of the
        acceptance or rejection of a claim; and

(b)     Failing to request all of the items, statements and forms the CLEAR BLUE
        INSURANCE COMPANY reasonably believed at the time would be required from
        PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to
recover from CLEAR BLUE INSURANCE COMPANY the statutory penalty of 5% plus the
interest rate determined under Section 304.003, Finance Code, on all amounts due on
PLAINTIFF'S claims, together with attorney's fees, for which she sues.

XI.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance
contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes
the allegation of waiver and/or estoppel as to every defense or exclusion plead by CLEAR BLUE
INSURANCE COMPANY as to any exclusion, condition, or defense pled by CLEAR BLUE INSURANCE
COMPANY, PLAINTIFF would show that:

1.  The clear and unambiguous language of the policy provides coverage for dwelling damage
    caused by windstorm and water damage, including the cost of access to fix the damaged
    areas. Any other construction of the language of the policy is void as against public policy;

2.  Any other construction and its use by CLEAR BLUE INSURANCE COMPANY violates
    section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3.  Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is
    unconscionable, was procured by fraudulent inducement, and is void as against public
    policy;

10

4.  Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation;

5.  The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with CLEAR BLUE INSURANCE COMPANY.  In this regard, PLAINTIFF would show that her insurance policy was renewed uninterruptedly for many years; and

6.  The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, CLEAR BLUE INSURANCE COMPANY is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XII. Exemplary Damages

Plaintiff would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of the Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff requests exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

## XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which she may show herself justly entitled, either

11

at law or in equity; either general or special, including declaratory judgment, judgment against the CLEAR BLUE INSURANCE COMPANY for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits of the court.

### XIV.   Jury Demand

PLAINTIFF requests that this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

### XV.   Requests for Disclosure

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that CLEAR BLUE INSURANCE COMPANY disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**OMAR OCHOA LAW FIRM**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266

/s/ *Omar Ochoa*
**OMAR OCHOA**
State Bar No. 24079813
oochoa@omarochoalaw.com
***ATTORNEY FOR PLAINTIFF***

12

## Instructions and Definitions

1.  "You" or "Your" means the party responding to requests.

2.  "The Policy" means the insurance policy that is the basis of claims made against CLEAR BLUE INSURANCE COMPANY in this lawsuit.

3.  "Insured Location" means the real property at the location described in the Policy declarations.

4.  "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5.  "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6.  "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.  "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against CLEAR BLUE INSURANCE COMPANY in this lawsuit.

8.  "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.  "The Claim" means the insurance claim made the basis of the breach of contract claim against CLEAR BLUE INSURANCE COMPANY in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13

13.     "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1.      You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.      Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

14

## INTERROGATORIES

1.    Please identify any person you expect to call to testify the time of trail.

      **ANSWER:**

2.    Identify the persons involved in the investigation and handing of Plaintiff's claim for insurance benefits arising from damage during and include a brief description of the involvement of each person identified, their employer, and date(s) of such involvement.

      **ANSWER:**

3.    If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

      **ANSWER:**

4.    Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

      **ANSWER:**

5.    State the following concerning notice of claim and timing of payment:

      a. The date and manner in which you received notice of the claim
      b. The date and manner in which you acknowledged receipt of the claim
      c. The date and manner in which you commenced investigation of the claim
      d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
      e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

      **ANSWER:**

6.    Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

      **ANSWER:**

7.    Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

      **ANSWER:**

15

8.   Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims.

   **ANSWER:**

9.   When was the date you anticipated litigation?

   **ANSWER:**

10.   From November 1, 2010 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

   **ANSWER:**

11.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

   **ANSWER:**

12.   Do you contend that the insured premises was damaged by flood water, storm surge and/ or any excluded peril? If so, state the general factual bases for this contention.

   **ANSWER:**

13.   Do you contend that any act or omission by Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

   **ANSWER:**

14.   Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

   **ANSWER:**

15.   How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:

   a.   what performance measures are used
   b.   describe your bonus or incentive plan for adjusters

16

c.   have any listed in response to requests for production had a criminal record/record of complaint with the Texas Department of Insurance, performed a violation of company claim handling procedures

**ANSWER:**

## DEFINITIONS

In the event you object to any of the items requested, you are instructed to furnish all other documents to which no objection is made. Also note that Rule 196.3(c) provides that a party shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this request.

Please be advised that the undersigned intends to use the documents you produce in response to this request for production in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

1.  "You" or "Your" means the party responding to requests.

2.  "The Policy" means the insurance policy that is the basis of claims made against CLEAR BLUE INSURANCE COMPANY in this lawsuit.

3.  "Insured Location" means the real property at the location described in the Policy declarations.

4.  "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5.  "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6.  "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.  "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against CLEAR BLUE INSURANCE COMPANY in this lawsuit.

8.  "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.  "The Claim" means the insurance claim made the basis of the breach of contract claim against CLEAR BLUE INSURANCE COMPANY in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data

18

compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12.    "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13.    "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1.    You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.    Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

19

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   The claim and underwriting files from the home, regional, local offices, and third party adjusters/ adjusting firms regarding the claim that is the subject of this matter, including copies of the policy, file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2.   The electronic diary, including the electronic and paper notes made by CLEAR BLUE INSURANCE COMPANY's claims personnel, contractors, and third party adjusters/ adjusting firms relating to Plaintiff's claims.

RESPONSE:

3.   Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of storm claims and complaints made by policy holders in Texas from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

RESPONSE:

4.   The Operation Guides which relate to the handling of claims in Texas in effect from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

RESPONSE:

5.   The adjusting and engineering reports, notes, correspondence, estimates, appraisals, photographs and/or recordings prepared concerning Plaintiff's underlying claims.

RESPONSE:

6.   If you dispute the cause of the loss produce the engineering reports in your possession regarding damage to property within a one-mile radius of the Plaintiff's insured property.

RESPONSE:

7.   The price guidelines that pertain to the handling of claims arising out of storm damage. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

RESPONSE:

8.   The Plaintiff's file from the office of their insurance agent.

20

RESPONSE:

9.      The information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiff's claims.

RESPONSE:

10.     The documents, manuals, and training materials, including audio/ or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from

RESPONSE:

11.     "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses, third party payments and billing statements.

RESPONSE:

12.     The documents reflecting reserves applied to the subject claim.

RESPONSE:

13.     For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain in disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

14.     The managerial and adjuster bonus or incentive plan for managers responsible for storm claims in effect for the time period January 1, 2010 to date.

RESPONSE:

15.     If a third party engineer evaluated the subject property, provide the correspondence between CLEAR BLUE INSURANCE COMPANY insurer and third party adjuster and documents that show the number of other matters in which the same engineers were retained by you to evaluate others properties over the past five years.

RESPONSE:

16.     Copies of any and all documents that you contend support any affirmative defense, which you allege applies to this action.

RESPONSE:

21

**COUNTY OF GALVESTON**
**DWIGHT D. SULLIVAN - COUNTY CLERK**
**GALVESTON COUNTY JUSTICE CENTER**
**P.O. BOX 17253**
**GALVESTON, TEXAS 77552-7253**



7007 1490 0004 9758 2865

Agent - Corporation Service Company
211 E. 7th St. Ste. 620
Austin, TX 78701

